UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>EMIL SOSUNOV,<br><br>                    Defendant. | 17 Cr. 350 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Emil Sosunov's pro se motion for "assistance" pursuant to 18 U.S.C. Section 3582(c)(1)(A) based on the COVID-19 virus and his family situation.  (Dkt. no. 1285.) Construing Defendant's motion as one for compassionate release, as the Government did, (dkt. no. 1291), the motion is granted.

I.   FACTUAL BACKGROUND

  Mr. Sosunov was indicted for participating in a conspiracy that distributed thousands of oxycodone pills in New York City through a corrupt doctor and sham patients.  S5 Cr. 350.  Initially, this Defendant assisted in sourcing individuals whose identities could be used for the diversion scheme, but after the main recruiter was incarcerated, Mr. Sosunov stepped in as the driving force behind the scheme.  Following his plea, on June 22, 2019, the Court sentenced him to 46 months imprisonment with the recommendation that he be permitted to participate in the BOP's RDAP program.

1

Mr. Sosunov began serving his sentence on July 23, 2019, and was in fact placed in the RDAP program at Fort Dix. As part of that program, the BOP plans to transfer him to a residential re-entry center on or about October 7, 2020.

Mr. Sosunov's Drug Abuse Program Coordinator, J. Rodriguez, writes:

> While in treatment, he is demonstrating motivation toward growth, sobriety and abandoning his criminal thinking. Mr. Sosonov understands the effects his thinking can have on his life. He continues to challenge himself and his peers. He understands the therapeutic community model well and actively engages his peers in making improvements when he notices the community struggling in various aspects. As a result of his investment in his own treatment and the treatment of his peers, he was selected as a "Big Brother" which is a mentor position in the community.

(Dkt. no. 1285, Ex. D). In addition, Mr. Sosunov has incurred no disciplinary infractions while incarcerated and has a job waiting for him. (Id. at 2.)

During the pandemic, Mr. Sosunov's wife has become the sole caregiver for their two-year-old son and for Defendant's mother and disabled brother, both of whom suffer from a variety of serious ailments that are detailed in their physician's reports. (Id. at 16-20.) As to both patients, the doctor writes that they are at high risk for contracting the COVID-19 virus and it could cause severe complications and be fatal. (Id.)

In August, Mr. Sosunov's wife enrolled in graduate school, which has impaired her ability to care for the family. (Dkt. no. 1296

at 2.)  Indeed, Mr. Sosunov's older brother, who suffers from cerebral palsy, has fallen and is currently bedridden.  (Id.)  Thus, Mr. Sosunov requests that he be released to attend to his family and to avoid becoming infected with COVID-19 at a residential re-entry center.

On April 1, 2020, Mr. Sosunov requested home confinement pursuant to 18 U.S.C. section 12003(B)(2).  That request was denied.  (Id., Ex. B.)  On July 21, 2020, Mr. Sosunov requested compassionate release from the Warden under BOP program statement number 5050 concerning compassionate release, which was denied.  (Id., Ex. C.)  On August 17, 2020, Mr. Sosunov resubmitted an amended motion "making it much more detailed."  (Id. at 2.)  No response has been received.  (Id.)

II.  APPLICABLE LAW

Under Section 3582, the Court only "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  See 18 U.S.C. § 3582(c)(1)(A); see also 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered

3

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13. That section provides that the Court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant the reduction," U.S.S.G. § 1B1.13(1)(A); "the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3). The Application Notes describe the circumstances under which "extraordinary and compelling reasons exist." Id. § 1B1.13 Application Note 1. Among those circumstances are "family circumstances," including "[t]he death or incapacitation of the caregiver of the defendant's minor child" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver." Id.

As the proponent of the motion, the Defendant bears the burden of proving that "extraordinary and compelling reasons" exist. See, e.g., United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); United States v. Clarke, No. 09 Cr, 705 (LAP),

2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("If the Defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (quoting Butler, 970 F.2d at 1026)); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

### III. DISCUSSION

As an initial matter, Mr. Sosunov's three separate requests for release seem sufficient to constitute exhaustion of his administrative remedies.

The Government is correct that Mr. Sosunov does not fit into the normal "family circumstances" Guideline because he does not face the death or incapacitation of the caregiver of his minor child or the incapacitation of his spouse when he is the only caregiver.  Here, however, the confluence of circumstances brought about by the extreme care-giving needs of his family and the COVID-19 virus and the risk it presents to his family constitute "extraordinary and compelling circumstances warranting release."

Mr. Sosunov's lack of criminal history, his good behavior while incarcerated, and his success in the RDAP program persuade the Court that Mr. Sosunov is not a danger to the community.

IV. **CONCLUSION**

For the reasons set out above, Mr. Sosunov's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) (dkt. no. 1285) is granted to the extent that Mr. Sosunov's sentence is modified such that his remaining term of imprisonment is replaced by an equal period of home incarceration, without electronic monitoring and on such conditions as the Probation Department deems necessary, to be followed by the term of supervised release previously imposed by the Court. Mr. Sosunov shall be released within 24 hours of the docketing of this order to begin his term of home incarceration. He shall remain self-quarantined for 14 days after release. Upon release, Defendant shall call Probation for an appointment.

**SO ORDERED.**

Dated:   New York, New York
         September 24, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge