# ILGANAYEV LAW FIRM, PLLC

**Migir Ilganayev ESQ.**
*Licensed in New York & New Jersey*

139 Fulton Street – Suite 801
New York, NY 10038
Tel: (646) 396-8050
Email:ilganayevlaw@gmail.com
www.ilganayevlaw.com

July 21, 2022

Honorable Judge Loretta A. Preska
Senior United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>**United States v. Emil Sosunov 17 Cr. 350 (LAP)**</u>

Dear Judge Preska:

I appear herein on behalf of Emil Sosunov and submit this letter motion to respectfully request the early termination of Mr. Sosunov's supervised release. Mr. Sosunov's exemplary behavior supports this request for early termination of supervised release during and after his release from custody because such relief serves the purposes of 18 U.S.C. §§ 3583(e) and 3553(a).

On October 26, 2017, the Government charged Mr. Sosunov with a criminal complaint with conspiring to violate the narcotics laws of the United States. On December 14, 2017, a grand jury returned an indictment against Mr. Sosunov in which he was charged with the same offense. On February 28, 2019, Mr. Sosunov admitted his role in the conspiracy according to a plea agreement. On June 11, 2019, the Court accepted Mr. Sosunov's plea and sentenced him to 46 months' imprisonment. The Court recommended that Mr. Sosunov be placed in the U.S. Bureau of Prison's Residential Drug Treatment Program ("RDAP"). On July 23, 2019, Mr. Sosunov began serving his sentence at FCI Fort Dix. Mr. Sosunov was also accepted into RDAP as suggested by the Court.

Mr. Sosunov remained observant of all of the rules of the prison, avoided trouble, and ultimately did not receive any sanctions or violations during his imprisonment. Mr. Sosunov also completed the RDAP program, which reduced his period of incarceration by one year. On August 24, 2020, Mr. Sosunov filed a motion for compassionate release with this Court. Subsequently, this Court granted Mr. Sosunov's motion, and on September 24, 2020, Mr. Sosunov was released directly to his home, where he lives with his wife and two

small children. In August of 2021, Mr. Sosunov's wife gave birth to their second child. Their first child is four years old. Mr. Sosunov's term of supervised release is scheduled to expire in September of 2023. Mr. Sosunov has been on supervised release for nearly nineteen months.

Since being released from prison, Mr. Sosunov has continued his pattern of excellent behavior. He has attended all scheduled meetings and has complied with all other terms of his supervised release. Mr. Sosunov has maintained gainful employment and has no pending or threatened criminal charges. Mr. Sosunov has paid all required fines and fees and has successfully reintegrated into society.

Pursuant to 18 U.S.C. § 3583(e)(1), this Court has the authority to terminate supervised release early. 18 U.S.C. § 3583(e)(1) provides:

The court may, after considering the factors outlined in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)…terminate a term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Such a decision lies within the sound discretion of the sentencing court. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). And early termination may be warranted where there are "changed circumstances — for instance, outstanding behavior by the defendant [that] will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." See also *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005) (exceptional behavior, not doing what is merely expected of a supervised release, is generally required for early termination).

Mr. Sosunov meets the criteria and is a viable candidate for early termination. He has served nineteen months of the 3-year term of supervised release, beyond the minimum, to be eligible for early termination. In addition, Mr. Sosunov has met and exceeded the requirements expected of a supervisee, and the interest of justice and the relevant factors under 18 U.S.C. § 3553(a) warrant early termination.

After his release from prison in 2020, Mr. Sosunov returned to his home and family and resumed his role as the primary breadwinner for the family. He immediately began working as a driver/courier for a diagnostic company, Lenco Diagnostic Laboratories, where he picks up and delivers samples. Mr. Sosunov has avoided job assignments that require him to travel overnight to out-of-state destinations, which would permit him to generate additional income for his family.

Mr. Sosunov qualifies for early termination of his supervised release. More than just being compliant, staying out of trouble, and maintaining employment, Mr. Sosunov has worked exceptionally hard. Not only has he developed a career and continues to

advance and take advantage of opportunities, but he is also providing for his wife and two small children, which motivates him to work hard and provide for them. He has created a stable life with a secure future. Mr. Sosunov has started a logistics company and purchased a truck to make deliveries for stores across the Country. Mr. Sosunov already obtained his NYS Commercial Learner's Permit in order to obtain his Commercial Driver's License ("CDL"). He also passed the CDL air brakes test, vehicle inspection test, and basic control parking test. He is now awaiting the final exam, the CDL road test. Currently, he has a CDL licensed driver that drives his truck. Once Mr. Sosunov passes the road test and receives his CDL license, he wants to make the deliveries on his truck and visit clients outside of New York. However, supervision's reporting requirements and travel restrictions are hindrances to Mr. Sosunov's business prospects. As stated above, Mr. Sosunov's conduct and circumstances set him apart from the typical offender under supervision.

Furthermore, the relevant factors under 18 U.S.C. §§ 35583 and 3553 slants in favor of early termination. Foremost, a "sentence [should be] sufficient, but not greater than necessary, to comply with the purposes outlined in paragraph (2)" of § 3553(a). As to deterrence (3553(2)(B)), Mr. Sosunov served an indisputably onerous and significant punishment under the circumstances. He served his incarceration sentence with distinction. And he has served over one year of supervised release without incident. He has proven that his punishment deterred his criminal behavior, and releasing him early from supervision will not send the wrong message to others about deterrence. On the contrary, it suggests that excellent behavior is rewarded, encouraging others to approach their sentences, supervision, and transition back to society in a proactive, positive manner as Mr. Sosunov has done. Similarly, Mr. Sosunov has demonstrated that neither a sentence nor supervision is needed any longer "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(2)(C). And supervision has already functioned "to provide the defendant with needed educational or vocational training…" 18 U.S.C. §3553(2)(D). Mr. Sosunov has taken it upon himself to develop a sustainable life plan. Consequently, nineteen months of supervised release are more than "sufficient" in this case.

The United States Department of Probation for the Eastern District of New York ("Probation") recognizes Mr. Sosunov's exceptional conduct. On July 11, 2022, Mr. Sosunov called his assigned U.S. Probation Officer, Vincent Danielo to discuss his intention to file this letter motion for early termination of his supervised release. Mr. Danielo informed him that he does not object to this motion. Thereafter, on July 11, 2022, I reached out to Mr. Danielo myself and he informed me that he does not object. He further stated that I could state in my letter motion that the EDNY U.S. Probation office does not object to an early termination motion and that Mr. Sosunov satisfies EDNY Probation's early termination policy and that he is supervised in their Low Intensity Unit.

On July 12, 2022, I emailed Assistant United States Attorney Andrew C. Adams who has been assigned to the instant case. I inquired with Mr. Adams whether the United States objects to Mr. Sosunov's request for Early Termination of his Federal Supervised Release. On July 19, 2022, Mr. Andrews informed me, via email, that there is no objection on the part of the Government.

      For the reasons stated herein and in the interest of justice, we respectfully request that Mr. Sosunov's supervised release be terminated favorably and that he be fully discharged from his sentence.

Dated: July 21, 2022

                                                Respectfully submitted,

                                                */s/ Migir Ilganayev*
                                                Migir Ilganayev, Esq.

cc: AUSA Andrew C. Adams (via email)
    USPO Vincent Danielo (via email)

```
Upon consideration of the factors set forth in
18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(a)(2)(D),
and (a)(4)-(a)(7), the Court concludes that
early termination of supervised release
pursuant to 18 U.S.C. § 3583(e)(1) is warranted
by Mr. Sosunov's conduct and the interest of
justice.

SO ORDERED.    /s/ Loretta A. Preska
                    7/22/2022
```